UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Reginald Dicks**, *aka* Reginald A. Dicks, # 229263, | ) | **C/A No. 9:06-0663-HFF-GCK** |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| **South Carolina Department of Corrections**; | ) | |
| **Arenda Thomas**, Captain at Lee Correctional Institution; | ) | |
| **A. Nessman**, Captain at Lee Correctional Institution; | ) | |
| **Calvin Anthony**, Warden of Lee Correctional Institution; and | ) | |
| **Henry McMaster**, Attorney General of South Carolina, | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

# *Background of this Case*

The petitioner is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC). The petitioner has brought a habeas corpus action under 28 U.S.C. § 2241 to challenge a "conviction" entered in a prison disciplinary proceeding, wherein the petitioner was found guilty of hostage taking and lost six hundred twenty (620) days of good time. The petitioner raises one (1) ground in the petition: "VIOLATION

1

OF RIGHT TO SUBSTANTIVE DUE PROCESS[.]"  The petitioner points to discrepancies in the testimony relating to his alleged participation in the hostage taking.

The prison disciplinary proceeding at issue in the above-captioned case is also the subject of a pending civil rights action.  *See* pleadings in <u>Reginald Dicks v. Arenda Thomas, Captain at Lee Correctional Institution; NFN Nessman, Captain at Lee Correctional Institution; and Calvin Anthony, Warden of Lee Correctional Institution; and Grievance Personnel</u>, Civil Action No. 9:05-3091-HFF-GCK.

In an order (Entry No. 4) filed in the above-captioned case on March 22, 2006, the undersigned directed the petitioner to answer Special Interrogatories.  The petitioner has answered the Special Interrogatories (Entry No. 6) and has also submitted a "STATEMENT OF CASE" (Entry No. 7).  The petitioner's Answers to the Court's Special Interrogatories reveal that the petitioner completed the SCDC grievance procedure through its "Step 2."  Those Answers also disclose: **(1)** the petitioner did not file an action with the Administrative Law Court (formerly called the Administrative Law Judge Division) after he had completed his Step 2 grievance; and **(2)** the petitioner



did not file an application for post-conviction relief with respect to his disciplinary "conviction."

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition (Entry No. 1), the petitioner's Answers to the Court's Special Interrogatories (Entry No. 6), and the petitioner's Statement of Case (Entry No. 7) pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.



1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied,* Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* Leeke v. Gordon, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).   When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 2241 petition is subject to summary dismissal for failure to exhaust state remedies.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Although the petitioner appealed his disciplinary "conviction" up through "Step 2" of the SCDC grievance procedure, he did not seek review by South Carolina's Administrative Law Court (formerly called the Administrative Law Judge Division). *See* <u>Al-Shabazz v. State</u>, 338 S.C. 354, 527 S.E.2d 742, 1999 S.C. LEXIS® 217 (2000)(prisoner's remedy for challenging determinations in prison disciplinary proceedings is under South Carolina's Administrative Procedures Act, not the post-conviction relief statute),under <u>Al-Shabazz v. State</u>, 338 S.C. 354, 527 S.E.2d 742, 1999 S.C. LEXIS® 217 (2000);[2] *replacing opinion originally reported at* 1999 S.C. LEXIS® 160, 1999 WESTLAW® 642195 (Supreme Court of South Carolina, August 23, 1999); and <u>Sullivan v. SCDC</u>, 355 S.C. 437, 586 S.E.2d 124, 2004 S.C. LEXIS® 208 (2004).

When pursuing exhaustion through the SCDC grievance procedure and the Administrative Law Court, the petitioner must proceed within the mandates of <u>Slezak v. South Carolina Dept. of Corrections</u>, 361 S.C. 327, 605 S.E.2d 506, 2004 S.C. LEXIS® 256 (2004), *cert. denied*, <u>South Carolina Dept. of Corrections v. Slezak</u>, 73 U.S.L.W. 3672, 161 L.Ed.2d 1060, 125 S.Ct. 2266, 2005 U.S LEXIS® 3977 (2005)(denying certiorari in appeal by the

---

[2]The Lexis® Service has given the opinion on rehearing a calendar year 1999 citation, not a citation for calendar year 2000.

South Carolina Department of Corrections). The Supreme Court of South Carolina held in Slezak:

> We now clarify that the ALJD has subject matter jurisdiction to hear appeals from the final decision of the DOC in a non-collateral or administrative matter. Al-Shabazz, supra. Subject matter jurisdiction refers to the ALJD's "power to hear and determine cases of the general class to which the proceedings in question belong." Cf. Dove v. Gold Kist, Inc., 314 S.C. 235, 442 S.E.2d 598 (1994) (definition of judicial subject matter jurisdiction). Further, the ALJD has appellate jurisdiction over any matter where the procedural prerequisites for perfecting such an appeal have been met. Great Games, Inc. v. South Carolina Dep't of Rev., 339 S.C. 79, 529 S.E.2d 6 (2000) (appellate jurisdiction exists where procedural requirements met). While the ALJD has jurisdiction over all inmate grievance appeals that have been properly filed, we emphasize that the Division is not required to hold a hearing in every matter. Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest. See Sandin v. Conner, 515 U.S. 472 (1995) (due process clause offended only when inmate subjected to atypical and significant hardships in relation to ordinary incidents of prison life).

Slezak v. SCDC, supra, 361 S.C. at 331, 605 S.E.2d at 507-508.

Since the petitioner in his Answers to the Court's Special Interrogatories (Entry No. 6) has specifically admitted that he has not pursued any Administrative Law Court remedy for the allegedly inequitable discipline he received, it is clear that the § 2241 petition in this case is premature and subject to summary dismissal. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241,

notwithstanding absence of exhaustion requirement in statute itself); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241).

# *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition



and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

April 11, 2006
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
## The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court); *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

9