

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| REGINALD DICKS, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 9:06-663-HFF-GCK |
| § | |
| SOUTH CAROLINA DEPARTMENT OF § | |
| CORRECTIONS *et al.*, § | |
| § | |
| Respondents. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a *habeas corpus* petition brought pursuant to 28 U.S.C. § 2241. Petitioner is proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending that the Court dismiss the petition *without prejudice*. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 12, 2006, and Petitioner timely filed objections on April 27, 2006.

This petition concerns Petitioner's loss of "good time" credits upon conviction by prison authorities for hostage taking. The Magistrate Judge recommends that the petition be dismissed due to Petitioner's failure to exhaust his state administrative remedies prior to bringing the instant action. Specifically, the Magistrate notes that, while Petitioner filed Step 1 and Step 2 grievances with Defendant South Carolina Department of Corrections, he failed fully to exhaust his state remedies by seeking review of the denial of his grievances by the South Carolina Administrative Law Court. As the Report correctly concludes, this failure subjects the petition to summary dismissal.

In his objection to the Report, Petitioner does not contest the Magistrate Judge's finding that he failed to exhaust his state remedies. In fact, Petitioner agrees that he did not appeal his loss of good time credits to the South Carolina Administrative Law Court. (Objections 2-3.) Therefore, the Court concludes that Petitioner failed to exhaust his state remedies prior to bringing the instant petition. *Slezak v. South Carolina Department of Corrections*, 605 S.E.2d 506 (S.C. 2004); *Al-Shabazz v. State*, 527 S.E.2d 742 (S.C. 2000). Because of this failure, the petition must be dismissed. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (noting that exhaustion required under § 2241).

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that this petition be, and the same is hereby, **DISMISSED**.

.      **IT IS SO ORDERED**.

Signed this 2d day of May, 2006, in Spartanburg, South Carolina.

                                                   s/ Henry F. Floyd
                                                   HENRY F. FLOYD
                                                   UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within **thirty (30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.